IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 07-cv-02280-ZLW-MJW

ANJANETTE L. QUINN,

Plaintiff(s),

v.

CITY OF EVANS POLICE DEPARTMENT, et al.,

Defendant(s).

---

ORDER REGARDING
(1) PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 38)
AND
(2) HAMILTON FAATZ AND WALLER, P.C.'S MOTION TO QUASH SUBPOENA
AND JOINDER IN PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 41)

---

This matter is before the court on October 14, 2008, for hearing on Plaintiff's Motion for Protective Order (docket no. 38) and Hamilton Faatz and Waller, P.C.'s Motion to Quash Subpoena and Joinder in Plaintiff's Motion for Protective Order (docket no. 41). The court has reviewed and considered both motions (docket nos. 38 and 41). In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. The court has further reviewed, in detail, Plaintiff's Motion for Partial Summary Judgment Incorporating Legal Authority (docket no. 31) including the many attached exhibits to this motion. Lastly, the court has taken judicial notice of the court's file and has considered oral argument. The court now being fully informed makes the

1

following findings of fact, conclusions of law and order.

In the subject motion (docket no. 38), Plaintiff seeks a protective order as follows. Plaintiff does not object to inquiry by Defendants of her former attorneys Hamilton Faatz and Waller, P.C. which would authenticate the e-mails or confirm facts set out in the affidavit or the e-mails, or to confirm conversations or correspondence between the attorneys regarding the alleged settlement. However, Plaintiff does object to depositions of her former attorneys that are not limited in scope to her statements in the affidavits and e-mails that she has attached to her Motion for Partial Summary Judgment Incorporating Legal Authority (docket no. 31) that is currently pending before Senior District Judge Weinshienk. Plaintiff and Plaintiff's former attorneys argue that Plaintiff only made a limited waiver of her attorney-client privilege and work product when she attached to her Motion for Partial Summary Judgment Incorporating Legal Authority (docket no. 31) her affidavit, David Osborne's affidavit, and e-mails and no implied waiver has taken place by such actions of Plaintiff.

Defendants argue that Plaintiff has waived her attorney-client privilege relative to all aspects of the alleged settlement and that the Defendants should be allowed to further explore any and all conversations or communications between her and her former attorneys and to review any and all other documents and things related to the alleged settlement, including but not limited to, the documents and things outlined in the subpoena duces tecum served on Plaintiff's former attorneys Hamilton Faatz and Waller, P.C. Moreover, Defendants argue that this court should order Plaintiff to produce all other e-mails, correspondence, memoranda, letters or other documents or things, that have not been produced or otherwise disclosed pertaining to the alleged

settlement.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the State and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motions (docket nos. 38 and 41);

4. That on August 18, 2008, Plaintiff filed her Motion for Partial Summary Judgment Incorporating Legal Authority (docket no. 31). This motion seeks summary judgment on Plaintiff's Sixth Claim for Relief that is outlined in the Plaintiff's Amended Complaint and Jury Demand. The Sixth Claim for Relief seeks rescission of the settlement agreement. Attached to Plaintiff's Motion (docket no. 31), are affidavits from Dave Osborne (i.e. Plaintiff's former attorney) and from Plaintiff herself as well an numerous e-mails between Plaintiff and her former attorneys Dave Osborne and Eric James;

5. That on September 8, 2008, Magistrate Judge Watanabe entered an Order Granting Stipulated Motion to Stay Discovery and Extend Discovery and Expert Witness Deadlines Pending Ruling on Plaintiff's Sixth Claim for Relief. *See* docket no. 33;

3

6. That the proponent of the attorney-client privilege bears the burden of establishing both that the communications at issue are privileged and that the privilege was not waived. United States v. Lewis, LEXIS 21425 (10th Cir. 1991)(unpublished opinion)(citing United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)(it is the party asserting attorney-client privilege that bears the burden of proving that it exists));

7. That Plaintiff has voluntary disclosed information that would normally be protected by the attorney-client privilege, namely, the affidavits from Dave Osborne (i.e. Plaintiff's former attorney) and from Plaintiff, herself, as well an numerous e-mails between Plaintiff and her former attorneys Dave Osborne and Eric James when she attached the same to her Motion for Partial Summary Judgment Incorporating Legal Authority (docket no. 31). That any voluntary disclosure of attorney-client privilege information is inconsistent with the attorney-client relationship and, therefore, waives the privilege. United States v. Bernard, 877 F.2d 1463, 1465 (10th Cir. 1989)(citing United States v. Suarez, 820 F.2d 1158 (11th Cir.), *cert denied*, 484 U.S. 987 (1987));

8. That the scope of the waiver of the attorney-client privilege is dictated by the scope of the disclosure by the Plaintiff. *See* Sedillos v. Bd. of Educ. of Sch. Dist. No. 1 in City & County of Denver, 313 F. Supp. 2d 1091, 1094 (D. Colo. 2004). In this case, I find that

Plaintiff has waived her attorney-client privilege in this case and the scope of such waiver of the attorney-client privilege by Plaintiff includes: (a) information regarding the alleged settlement agreement; (2) information regarding enforceability of the alleged settlement agreement; (3) information regarding whether there was a rescission of the settlement agreement; (4) information on whether Plaintiff breached the terms and conditions of the alleged settlement agreement; (5) information relative to authenticating the e-mails and confirming facts set out in the affidavits and e-mails that were attached to Plaintiff's Motion for Partial Summary Judgment Incorporating Legal Authority (docket no. 31) and other discovery responses that relate to the alleged settlement agreement; and, (6) information, conversations, and documents between Plaintiff and her former attorneys from the law firm of Hamilton Faatz and Waller, P.C. concerning (1) through (5) above;

9. That "implied waiver" of the attorney-client privilege may occur when a defendant claims ineffective assistance of counsel as to any communications relevant to the defendant's claim of ineffective assistance of counsel. Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2003). Moreover, where a client asserts a defense or a claim based on the propriety of advice by his/her attorney, he/she waives the privilege with respect to that advice. Stone v. Satriana, 41 P.3d 705, 710 (Colo. 202) ("When a client brings a malpractice

allegation, the attorney-client privilege is deemed impliedly waived.");

10. That the case before this court is not a lawsuit involving legal malpractice or involving ineffective assistance of counsel and accordingly I find no "implied waiver" of the attorney-client privilege exists under the facts of this case;

11. That from October 2006 until December 2007, the law firm of Hamilton Faatz and Waller, P.C. represented Plaintiff in her employment lawsuit against Defendants; and,

12. That on October 3, 2008, Mr. James (i.e. who is one of Plaintiff's former attorneys from the law firm of Hamilton Faatz and Waller, P.C), was served with a subpoena and subpoena duces tecum (attached as exhibit 1 to response (docket no. 41), commanding him to appear on October 14, 2008, at the Plaintiff's counsel's office for a deposition. The subpoena duces tecum seeks portions of Plaintiff's file at the Hamilton Faatz and Waller, P.C. law firm.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, this court ORDERS:

1. That Plaintiff's Motion for Protective Order (docket no. 38) is **DENIED**;

2. That Hamilton Faatz and Waller, P.C.'s Motion to Quash Subpoena and Joinder in Plaintiff's Motion for Protective Order (docket no. 41) is **DENIED**;

3. That on or before October 22, 2008, Plaintiff shall produce to Defendants all other e-mails that were not attached to Plaintiff's Motion for Partial Summary Judgment Incorporating Legal Authority (docket no. 31), correspondence, memoranda, letters, or any other documents or things that have not been produced or otherwise disclosed pertaining to the alleged settlement agreement;

4. That Defendants may explore and question in deposition Plaintiff's former attorneys from the law firm of Hamilton Faatz and Waller, P.C. on all e-mails, correspondence, memoranda, letters, voice mails, or any other documents or other things that pertain to the alleged settlement agreement. Defendants may also question in deposition, Plaintiff's former attorneys from the law firm of Hamilton Faatz and Waller, P.C. on: (a) information regarding the alleged settlement agreement; (b) information regarding enforceability of the alleged settlement agreement; (c) information regarding whether there was a rescission of the settlement agreement; (d) information on whether Plaintiff breached the terms and conditions of the alleged settlement agreement; (e) information relative to authenticating the e-mails and confirming facts set out in the affidavits and e-mails that were attached to Plaintiff's Motion for

Partial Summary Judgment Incorporating Legal Authority (docket no. 31) and other discovery responses that relate to the alleged settlement agreement; and, (f) information, conversations, communications and documents between Plaintiff and her former attorneys from the law firm of Hamilton Faatz and Waller, P.C. pertaining to the alleged settlement agreement;

Done and signed this 15th day of October, 2008.

BY THE COURT


s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE