IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-02280-ZLW-MJW

ANJANETTE L. QUINN,

    Plaintiff,

v.

CITY OF EVANS POLICE DEPARTMENT, a department of a Colorado municipality,
CHIEF OF POLICE LEO CARILLO, individually and in his official capacity;
LT. GARY KESSLER, individually and in his official capacity; and
SGT. MICHAEL PARKOS, individually and in his official capacity,

    Defendants.

---

## ORDER

---

The matter before the Court is Plaintiff's Motion To Strike Portion Of Response To Motion For Partial Summary Judgment (Doc. No. 52). Defendants' Response To Plaintiff's Motion For Partial Summary Judgment (Doc. No. 51) contains transcripts of several messages exchanged between Plaintiff and Sergeant Strand of the Evans Police Department. Plaintiff objects to the inclusion of these transcripts and asks for them to be stricken.

A motion to strike is governed by Fed. R. Civ. P. 12(f) which provides that the Court "may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] Pleadings, defined in Fed. R. Civ. P. 7(a), include

---

[1] Fed. R. Civ. P. 12(f) (emphasis added).

neither motions nor briefs.[2] Therefore, striking material contained in an opposition to a summary judgment motion would be inappropriate.[3] Accordingly, it is

ORDERED that Plaintiff's Motion To Strike Portion Of Response To Motion For Partial Summary Judgment (Doc. No. 52; Nov. 28, 2008) is denied.

DATED at Denver, Colorado, this 4th day of December, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[2]Fed. R. Civ. P. 7(a); see Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006). "The terms of Rules 12(f) and 7(a) make clear that '[o]nly material included in a pleading may be subject of a motion to strike' and that '[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" Jeter v. Montgomery County, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007) (quoting 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[2] (3d ed. 2006)).

[3]See, e.g., Pilgrim v. Trs. of Tufts Coll., 118 F.3d 864, 868 (1st Cir. 1997); GRS Dev. Co. v. Jarrett, 2003 WL 21134437 at *3 (Terr.V.I. Apr. 10, 2003).